CLERK'S COPY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO
99 MAR 24 PM 2: 55
[signature]
CLERK-SANTA FE

WILLIAM L. PUNCHARD,

Plaintiff,

vs.　　　　　　　　　　　　　　　　　　　No. CV 98-786 SC/DJS

UNITED STATES BUREAU OF LAND
MANAGEMENT: (THE WILDNES STUDY
ACT OPERATIONS: SCERRIA COUNTY;
CARLSON NATION FOREST; CIBOLA
NATIONAL FOREST; FLORIDAS MOUNTAN
RANGE; SANTA DE CRISTO MOUNTAN RANGE;
SAN ANDRES MOUNTAN; THE BLACK
MOUNTAN RANGE; LINCOIN NATIONAL
FOREST RANGE; BUREO MOUNTA RANGEN;
HATCHETIA MOUNTAIN RANGE; LUNA COUNTY;
CATHRINE COUNTY; SAN MEGUIEL COUNTY;
GRANTS COUNTY; HIDELGO COUNTY;
DONA ANA COUNTY; SANTA FE; BERNELEO
COUNTY; LINCOLN COUNTY); PHILIP
ALLON (81-1071); THE DESERT WILDNESS
COLLATION (CV-81-1068) LUNA COUNTY AN AL,

Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on a Motion to Dismiss filed by the Federal

Defendants on November 13, 1998 (Doc. No. 9). In addition, the Court considers

dismissal of other claims and parties *sua sponte*. For the reasons contained in this

1

/6

opinion, the Court will GRANT the motion and DISMISS all claims.

Initially, I note that the only defendants who have appeared in this case are the "Federal Defendants," i.e., the United States Bureau of Land Management, Carlson (sic) National Forest, and Cibola National Forest. The docket report indicates that returns indicating completion of service were filed only as to the federal defendants. Because Plaintiff has apparently failed to effect service on the remaining defendants in over six months, I will dismiss the action without prejudice as to them pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

The Amended Complaint filed by this *pro se* Plaintiff is 18 pages long and mostly incomprehensible. It is difficult to discern even the gist of the complaint. It may involve a challenge to the loss of mining claims when the United States Bureau of Land Management ("BLM") denied the Plaintiff's application to mine. *See* Am. Compl. at 6-7. There are also many allegations about the "Wilderness Study Act" conflicting with the "National Mining Act of 1872," although whether or how this affects Plaintiff's interests is not clear. Additionally, there are references to two cases, identified only as CV 81-1071 and CV 81-1068. These numbers relate to the same case: Philip Allen Desert Wilderness Coalition, 77 IBLA 330 (Dec. 5, 1983).

The Federal Defendants filed their motion to dismiss asserting that only one possible claim might be stated, i.e., an action for judicial review of an agency decision under the Administrative Procedures Act ("APA"). They identified a decision made by

the Interior Board of Land Appeals ("IBLA"), <u>William L.E. Punchard, II and Temothy Edwards Punchard</u>, 96 IBLA 168 (Mar. 28, 1996), as one that Plaintiff might be attempting to challenge in this proceeding. They offered to file a copy of the administrative record from that case to get the briefing schedule started.

In response, Plaintiff disavows the notion that his Complaint has anything to do with an appeal of 96 IBLA 168. He also states that he "is not trying to Re-claim Old Mining Clains (sic) Lossed nor appeal old Claims." In what he calls a "more definite statement," Plaintiff states he is seeking relief from "the Time Gap lost in ownership." He seems to be asking that the time gap be closed so he can "go back to where he was before ...," and that his "Grandfathered Claim Statuts be Restoreed." Pl. Resp. at 2. He goes on to state that he is asking for relief from the Wilderness Study Act and for damages for a due process violation related to BLM's failure to make a complete examination of the impact on mining and off road use in cases 81-1068 and 81-1071.

In their reply, the Federal Defendants assert that if Plaintiff is seeking relief from the IBLA decision in cases 81-1068 and 81-1071 (<u>Philip Allen Desert Wilderness Coalition</u>, 77 IBLA 330 (1983)) dealing with wilderness study areas (including a unit in the Florida Mountains), such an action is barred by the six-year statute of limitations. 28 U.S.C. § 2401(a); <u>Smith v. Marsh</u>, 787 F.2d 510, 511 (10th Cir. 1986). Plaintiff's rambling complaint may be broadly construed to seek such relief, because he seems to assert some interest in mining claims he has worked in the vicinity of the Florida

3

Mountains. An exhibit attached to the Amended Complaint indicates that Plaintiff was given notice on October 11, 1983, that his claims were within either a wilderness study area or an area subject to interim wilderness management under the provisions of the Federal Land Policy and Management Act, 43 U.S.C. § 1782(c), due to an appeal to IBLA. *See* Am. Compl. Ex. C(13). Any challenge under the APA to the IBLA decision in 1983 is barred by the statute of limitations.

In short, as to any discernible claim that Plaintiff may be asserting against the federal defendants in this action, I conclude that the applicable statute of limitations has run. The complaint fails to state any other claims, and so the entire case will be dismissed as to these defendants.

NOW, THEREFORE, IT IS ORDERED that the Motion to Dismiss filed by the Federal Defendants is hereby GRANTED;

IT IS FURTHER ORDERED that the action should be DISMISSED WITHOUT PREJUDICE as to all remaining Defendants.

_____
SENIOR UNITED STATES DISTRICT JUDGE


Counsel for Plaintiff: William L. Punchard, pro se, Deming, N.M.

Counsel for Federal Defendants: John W. Zavitz, Ass't U.S. Att'y, Albuquerque, N.M.